# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**KIBWE RAYFORD, JR.,**

    Plaintiff,

v.

**ADVOCATES FOR BASIC LEGAL EQUALITY, INC.,**

    Defendant.

CASE NO. 3:25 CV 332

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This Complaint is one of many in a long line of employment discrimination cases with which *pro se* Plaintiff Kibwe Rayford, Jr. has flooded the Lucas County Court of Common Pleas and, in turn, this Federal Court upon removal by the Defendants. *See Rayford, Jr. v. Amazon.com Services, LLC*, No. 3:24-cv-02195-JGC (N.D. Ohio) (removed Dec. 17, 2024); *Rayford, Jr. v. Kyle Media, Inc.*, No. 3:25-cv-00269-JRK (N.D. Ohio) (removed Feb. 12, 2025); *Rayford, Jr. v. Checkers Drive-In Restaurants, Inc.*, No. 3:25-cv-00294-JRK (N.D. Ohio) (removed Feb. 14, 2025); *Rayford, Jr. v. Panda Restaurant Group, Inc.*, No. 3:25-cv-00326-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. Sigma Technologies, Ltd.*, No. 3:25-cv-00329-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. Advocates for Basic Legal Equality, Inc.*, No. 3:25-cv-00332-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. CCFI Companies, LLC*, No. 3:25-cv-00338-JJH (N.D. Ohio) (removed Feb. 19, 2025); *Rayford, Jr. v. Krispy Kreme Doughnut Corporation*, No. 3:25-cv-00345-JRK (N.D. Ohio) (removed Feb. 20, 2025); *Rayford, Jr. v. Whiteford Kenworth*, No. 3:25-cv-00347-JJH (N.D. Ohio) (removed Feb. 20, 2025); *Rayford, Jr. v. Boy Scouts of America*, No. 3:25-cv-00348-JJH (N.D. Ohio) (removed Feb. 20, 2025); *Rayford,*

*Jr. v. Lucas County Workforce Development*, No. 3:25-cv-00350-JJH (N.D. Ohio) (removed Feb. 21, 2025); *Rayford, Jr. v. Board of Lucas County Commissioners*, No. 3:25-cv-00351-JRK (N.D. Ohio) (removed Feb. 21, 2025); *Rayford, Jr. v. Hospital Service Associates, Inc.*, No. 3:25-cv-00362-JJH (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Hirzel Canning Company*, 3:25-cv-00365-JRK (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Impact Employment Solutions*, 3:25-cv-00366-JRK (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Concord Care Center of Toledo*, No. 3:25-cv-00372-JJH (N.D. Ohio) (removed Feb. 25, 2025); *Rayford, Jr. v. Northwest Ohio Realtors*, No. 3:25-cv-00380-JRK (N.D. Ohio) (removed Feb. 26, 2025); *Rayford, Jr. v. Community Health Services*, No. 3:25-cv-00381-JRK (N.D. Ohio) (removed Feb. 26, 2025); *Rayford, Jr. v. Libbey Glass LLC*, No. 3:25-cv-00382-JRK (N.D. Ohio) (removed Feb. 26, 2025); *Rayford, Jr. v. Fresh Products, LLC*, 3:25-cv-00432-JJH (N.D. Ohio) (removed Mar. 4, 2025).

## BACKGROUND

In each of the removed actions, Plaintiff utilizes the same self-styled form Complaint, changing only the name of the Defendant and the position for which he applied. In all other respects, the form is the same in each case. The form Complaints contain no facts specific to their respective case and simply list causes of action as Title VII, 42 U.S.C. §2000e, the Americans with Disabilities Act ("ADA") 42 U.S.C. § 42112, and Title XV the Equal Employment Opportunity Act ("EEOA") 47 U.S.C. §554. The form states only that he applied for a position and contains spaces for him to write in the job for which he applied, the date he applied, and the date on which the application was denied. The form then states that although he "surpass [sic]or meets the qualifications, … [he] was not selected for Interview or considered for hiring practices." (Doc. 1-1, at 3). The form Complaint states:

The discriminatory conduct of which Plaintiff complain [sic] in this action includes:
rr. Failure to Hire
ss. Unequal terms and conditions of employment
tt. Retaliation

Defendant discriminated against Plaintiff based on:

uu. Race
vv. Color
ww. Gender
xx. National Origin
yy. Disability
zz. Education

*Id.* The form Complaint seeks $ 15,000.00 in damages. *Id.* at 4.

On the form Complaint in the instant case, Plaintiff named Advocates for Basic Legal Equality, Inc as a Defendant and indicated he applied for a position as a Human Resource Generalist on May 31, 2024. *Id.* Those are the only factual allegations in the Complaint specific to this case. The rest of the form reads as stated above.

## STANDARD OF REVIEW

The Court is required to construe a *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney.[1] *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to Sixth Circuit precedent, district courts are permitted to conduct a limited screening procedure and dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528,

---

1. As an initial matter, Plaintiff indicates in a "Disclosure" attached to his form Complaint that he attended law school. (Doc. 1-1, at 5). He does not indicate whether he graduated from law school or passed a bar exam in any state. It is therefore not clear that Plaintiff's *pro se* Complaint is entitled to the liberal construction given to the pleadings prepared by non-attorneys who are not familiar with the law and general pleading requirements.

536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## DISCUSSION

Plaintiff's prolific filing of frivolous form Complaints is patently vexatious. Plaintiff filed 48 cases in the Lucas County Court of Common Pleas in late January 2025, of which only 21 have been removed to this federal court to date. Thirty of those cases were filed on the same day, January 17, 2025, and eighteen of them were filed five days later on January 23, 2025. Each day, this Court receives more cases using the same form Complaint. Plaintiff has not put forth a sincere effort to draft a pleading that contains facts specific to each case or an explanation of why he believes he is entitled to relief from any specific Defendant under the various statutes identified. The Complaints do not appear to seek real relief from the Defendants. At best, this conduct could be construed as a misguided attempt to supplement his income through frivolous litigation, hoping one of these cases will produce a settlement or a judgment in his favor. Viewed less generously, it could be construed as harassment of the Defendants and the courts. Neither is a proper use of this Court's time and resources.

The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claims with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, the Supreme Court has held that a Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("[A] complaint [will not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S.

at 557). The Sixth Circuit clarified the scope of *Twombly* and *Iqbal*, noting that "even though a Complaint need not contain detailed factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555) (alteration in original).

Plaintiff's Complaint never rises above the speculative level. He provides no facts specific to this case, and the Court is left to guess his race, color, gender, national origin, and disability; what the actual qualifications for the position were; whether Plaintiff truly met all of those qualifications; and what facts, if any, support his assertion that a decision was made not to hire him and that such decision was based on prohibited criteria.[2] The form Complaint merely states that he applied for a job and ultimately was not offered employment. Simply applying for a job, even if fully qualified, does not guarantee employment, and failure to offer an employment interview, alone is not a violation of federal law. Plaintiff's bare bones form Complaint, devoid of factual allegations and composed entirely of legal conclusions, is not sufficient to meet even the minimum basic pleading requirements in federal court. See Fed. R. Civ. P. 8 (a complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct" allegations); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (holding legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept "unwarranted factual inferences"). Plaintiff's repeated filings of the same form Complaint lacking any factual basis is frivolous. This case must be dismissed.

---

2. Indeed, the form Complaint has a line for the date on which Plaintiff was denied employment; it is left blank. (Doc. 1-1, at 4).

Furthermore, undeterred by the Court's warning against filing frivolous and harassing bulk litigation, *See Rayford, Jr. v. Kyle Media, Inc*, No. 3:25-cv-00269-JRK (N.D. Ohio Feb. 18, 2025), Plaintiff continues to engage in vexatious behavior by filing self-styled form Motions that are composed entirely of excepts of statutes and case citations. The Motions are the same in every case and do not contain any case specific information. *See Rayford, Jr. v. Kyle Media, Inc*, No. 3:25-cv-00269-JRK (N.D. Ohio) (Doc. 6); *Rayford Jr. v. Checkers Drive-In Restaurants, Inc.*, No. 3:25-cv-00294-JRK (N.D. Ohio) (Doc. 7); *Rayford, Jr. v. Panda Restaurant Group*, Inc., No. 3:25-cv-00326-JJH (N.D. Ohio) (Doc. 10); *Rayford, Jr. v. CCFI Companies, LLC*, No. 3:25-cv-00338-JJH (N.D. Ohio) (Docs. 4, 7); *Rayford Jr. v. Krispy Kreme Doughnut Corporation*, No. 3:25-cv-00345-JRK (N.D. Ohio) (Doc. 4); *Rayford, Jr. v. Whiteford Kenworth*, No. 3:25-cv-00347-JJH (N.D. Ohio) (Docs. 6,8); *Rayford, Jr. v. Boy Scouts of America*, No. 3:25-cv-00348-JJH (N.D. Ohio) (Docs. 4, 6); *Rayford Jr. v. Hospital Service Associates, Inc.*, No. 3:25-cv-00362-JJH (N.D. Ohio) (Doc. 5); *Rayford, Jr. v. Hirzel Canning Company*, 3:25-cv-00365-JRK (N.D. Ohio) (Doc. 6); *Rayford Jr. v. Impact Employment Solutions*, 3:25-cv-00366-JRK (N.D. Ohio) (Doc. 6); *Rayford Jr. v. Concord Care Center of Toledo*, No. 3:25-cv-00372-JJH (N.D. Ohio) (Doc. 3); *Rayford, Jr. v. Libbey Glass LLC*, No. 3:25-cv-00382-JRK (N.D. Ohio) (Doc. 4). This Court also notes that Judge James G. Carr enjoined Plaintiff from filing additional Motions in his case due to Plaintiff's excessive filings. *See Rayford, Jr. v. Amazon.com Services, LLC*, No. 3:24-cv-02195 (N.D. Ohio). In light of Plaintiff's behavior in this federal court and in state court, Plaintiff is enjoined from filing any new Motions or documents in this case.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is DISMISSED, *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) and this case is closed; and it is

FURTHER ORDERED that Plaintiff is enjoined from filing any new motions or documents in this case; and it is

FURTHER ORDERED that Plaintiff's Motion for Leave (Doc. 8) is DENIED; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2025